### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

HENRY KAUFMAN,

        Plaintiff,

vs.

MAURICE KANBAR,

        Defendant.

Case No. 09-CV-522-GFK-FHM

### OPINION AND ORDER

Defendant Maurice Kanbar's Motion for Rule 11 Sanctions [Dkt. 28] has been referred to the undersigned United States Magistrate Judge for decision. Plaintiff has filed a response brief [Dkt. 38], and Defendant has filed a reply brief. [Dkt. 40]. The matter is ripe for decision.

Under Fed. R. Civ. P. 11, signed papers presented to a court constitute a certification that to the best of the attorney or party's knowledge information and belief, formed after an inquiry reasonable under the circumstances: 1) the paper is not being presented for an improper purpose such as harassment, to cause unnecessary delay, or to needlessly increase the cost of litigation; 2) the contentions contained in the paper are warranted by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law or for establishing new law; and 3) the factual contentions have evidentiary support, or will have such support after an opportunity for further investigation. Rule 11 authorizes the imposition of sanctions on parties and attorneys for filing papers signed in violation of the certification.

Defendant contends that in bringing claims for breach of contract and unjust enrichment Plaintiff and Plaintiff's attorneys violated Fed. R. Civ. P. Rule 11 as to those

claims because: 1) they are not warranted by existing law; 2) they have no factual or evidentiary support and are directly contrary to Plaintiff's prior sworn testimony; 3) they are barred because they were compulsory counterclaims in a previous case between the parties; and 4) Plaintiff's status as a gratuitous agent of Defendant has previously been judicially determined which precludes Plaintiff's claim for compensation. Defendant seeks the following sanctions for Plaintiff's alleged violation of Rule 11: dismissal of Plaintiff's breach of contract and unjust enrichment claims; and an award of attorney fees and costs Defendant incurred in defending these claims.

In response Plaintiff contends that there are legal and factual disputes concerning the claims which include factual disputes about the meaning of Plaintiff's prior testimony and the meaning of the previous court findings. Plaintiff attached an affidavit to his response addressing these disputes. Plaintiff also asserts that there is a reasonable basis in law and fact to support both the breach of contract and unjust enrichment claims. In reply Defendant contends the affidavit attached to Plaintiff's response is self serving, conclusory, and directly contradicts the plain meaning of his earlier affidavit.

Defendant's Rule 11 motion in effect asks the court to determine the factual and legal sufficiency of Plaintiff's breach of contract and unjust enrichment claims. That is not an appropriate use of a Rule 11 motion.

> Rule 11 should not be used to raise issues as to the legal sufficiency of a claim or defense that more appropriately can be disposed of by a motion to dismiss, a motion for judgment on the pleadings, a motion for summary judgment, or a trial on the merits.

*In re New Motor Vehicles Canadian Export Antitrust Litigation*, 244 F.R.D. 70, 74 (D. Maine 2007)(citing 5A *Wright & Miller*, § 1336.3). Attempting to resolve the issues presented in

Defendant's Rule 11 motion would obscure the issues. Under Rule 11 the focus is on the objective reasonableness of the attorney's conduct, not just on the factual and legal sufficiency of the claims. Moreover, such an inquiry can unnecessarily delay the disposition of the merits of the case. *See Lichtenstein v. Consolidated Services Group, Inc.*, 173 F.3d 17, 23 (1st Cir. 1999)(approving court's delay in considering Rule 11 motion until after the bench trial).

The undersigned finds that Defendant's challenge to the legal and factual sufficiency of Plaintiff's breach of contract and unjust enrichment claims is not appropriately decided in the context of Rule 11, therefore Defendant Maurice Kanbar's Motion for Rule 11 Sanctions [Dkt. 28] is DENIED.

SO ORDERED this 5th day of August, 2010.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

3