# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HENRY KAUFMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 09-CV-522-GKF-FHM |
| ) | |
| MAURICE KANBAR, ) | |
| KANBAR SPIRITS, INC., ) | |
| MK ENTERPRISES, ) | |
| NARRAGANSETT PROPERTIES, LLC, ) | |
| POCASSET PROPERTIES, LLC, ) | |
| NAVAJO PROPERTIES, LLC, ) | |
| IPSWICH PROPERTIES, LLC, and ) | |
| KANBAR PROPERTIES, ) | |
| ) | |
| Defendants. ) | |

## ORDER

After consideration of the arguments of counsel at the hearing held August 17, 2020, and the pleadings filed in the case, the Court makes the following rulings concerning the pending discovery motions.

<u>Defendants' Motions for Protective Orders [Dkts. 39, 47, 49, 50 and 51]</u>

Defendants seek protective orders to prevent Plaintiff from obtaining documents from non parties regarding Defendants' investments. Defendants contend that the documents are protected from disclosure by a protective order issued in prior litigation between the parties in the Northern District of California and that Plaintiff is precluded by the prior litigation from further litigation regarding the investments. Plaintiff responds that the protective order in the California litigation has no application in this case and that the discovery is necessary both to prove Plaintiff's damages in this case and to rebut Plaintiff's argument that the California litigation precludes the claims in this case.

There is no support for Plaintiff's argument that the California protective order applies to discovery issued in this case to non-parties who did not obtain the documents in the California litigation. By its terms, the California protective order applied only to discovery in that action and did not impose any restrictions on material obtained independently of discovery in that case.

Defendants argument that discovery relating to the investments should be stayed or denied in this case until this Court determines if the claims are precluded by the prior California litigation is a closer question. Defendants alerted the Court to this issue in the joint status report and again in the motion for sanctions and there appears to be a good faith basis for Defendants' argument that the claims are precluded by the California litigation. However, a potentially dispositive motion does not generally constitute good cause to deny discovery. Moreover, Plaintiff contends the discovery is necessary to respond to Defendants' argument that the claims are precluded.

Defendants' Motions for Protective Orders [Dkts. 39, 47, 49, 50 and 51] are DENIED.

### Plaintiff's Motion to Compel [Dkt. 45]

Plaintiff's Motion to Compel [Dkt. 45] concerning the documents produced by NGAS is GRANTED under the rationale discussed above. Plaintiff may review and use those documents in this case.

### Defendants' Motion for Protective Order [Dkt. 43]

This motion relates to a subpoena issued by Plaintiff to attorneys in the California litigation for the production of the documents they obtained through discovery in the California case. To the extent the documents sought by the subpoena were designated

as confidential, they are squarely covered by the protective order issued in the California litigation. At the hearing, the parties advised that this issue has now been raised before the Judge who issued the Protective Order. Defendants' Motion for Protective Order [Dkt. 43] is therefore GRANTED pending a ruling by the Judge who issued the Protective Order.

### Plaintiff's Motion to Compel [Dkt. 57]

Defendants' time to respond to this motion has not run and counsel have not had time to fully confer about the issues. However, at the hearing both counsel seemed to agree that if the Court did not stay discovery, the issues concerning discovery related to the investments may be able to be resolved by the production of summary type reports reflecting the performance of the investments over time.

In light of the Court's decision not to stay discovery, the parties are directed to confer in an effort to resolve the issues presented by the motion to compel. Plaintiff's Motion to Compel [Dkt. 57] is DENIED WITHOUT PREJUDICE to Plaintiff refiling the motion if necessary.

SO ORDERED this 17th day of August, 2010.

_Frank H. McCarthy_
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE