# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HENRY KAUFMAN, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| vs. | ) CASE No. 09-CV-522-GKF-FHM |
| | ) |
| MAURICE KANBAR, | ) |
| | ) |
| DEFENDANT. | ) |

## OPINION AND ORDER

Plaintiff's Motion for Sanctions Against Defendant's Counsel Under 28 U.S.C. § 1927 [Dkt. 105] and Application for Oral Argument [Dkt. 108] are before the Court for decision. Defendant has filed a response [Dkt. 116] and Plaintiff has filed a reply [Dkt. 136].

28 U.S.C. § 1927 allows the court to require counsel who unreasonably and vexatiously multiplies proceedings to pay the excess costs, expenses and attorney's fees reasonably incurred because of such conduct. The test is whether counsel's conduct was objectively unreasonable. *Hamilton v. Boise Cascade Express*, 519 F.3d 1197(10th Cir. 2008). However, "[t]he power to assess costs against an attorney under § 1927 ... is a power that must be strictly construed and utilized only in instances evidencing a 'serious and standard disregard for the orderly process of justice'." *Dreiling v. Peugeot Motors of Am., Inc.*, 768 F.2d 1159, 1164 (10th Cir. 1985) (citations omitted). The Court must exercise its sound discretion and not employ the sanction authority of § 1927 in such a way so as to inhibit counsel's reasonable efforts to zealously represent their client's interests.

Plaintiff contends that the Defendant's attorneys vexatiously multiplied these proceedings in numerous instances and focus on three separate actions by Defendant's counsel which "most glaringly demonstrate[d]" the applicability of § 1927. [Dkt. 136, p. 1].

## Assertion of the Attorney-Client Privilege

At the deposition of Defendant Kanbar, counsel asserted the attorney-client privilege regarding communications between Kanbar and two attorneys. However, when the attorneys were deposed, they said their communications with Kanbar were not covered by the privilege. The attorneys' depositions were completed without objections based on privilege and Defendant Kanbar was made available for a follow-up deposition.

Defendant's attorneys state that they based their assertion of the privilege on Defendant Kanbar's understanding of his relationship with the attorneys. While the better practice would have involved a more thorough investigation before invoking the privilege, counsel's assertion of the privilege did not unreasonably and vexatiously multiply the proceedings.

## The California Protective Order

Plaintiff contends that sanctions under §1927 are appropriate for Defendant's attorney's objections to Plaintiff using documents during depositions which were stamped confidential based upon a protective order in the California case. It appears that Plaintiff contends the documents were no longer covered by the California protective order because they were publicly used at the trial of the case.

The record is not clear that the documents were used at the trial and it is not clear that Plaintiff explained his position during the depositions. As the party seeking to use the documents Plaintiff should have clarified the issue.

Plaintiff also contends that Defendant improperly objected to the production of documents by NGAS based on the California protective order. This issue is obscured because Plaintiff failed to give Defendant notice that the NGAS deposition called for the production of documents.

Finally, regarding the California protective order, Plaintiff contends that §1927 is implicated by Defendant's objection to Plaintiff obtaining documents directly from persons unrelated to the California case. This argument has substance. The California protective order did not apply to documents that were not obtained in that case. However, Defendant promptly brought the issue before the Court and complied with the Court's order when Defendant's position was rejected.

## Defendant's Rule 11 Motion

Plaintiff contends that Defendant's repeated attempts to litigate the res judicata and collateral estoppel issues based on the California case through a Rule 11 motion is deserving of sanction under § 1927. It remains unclear why Defendant's attorney chose to pursue those issues through a Rule 11 motion. The fact remains, however, that the financial aspects of the parties' relationship had been litigated in the California case and it was not unreasonable for Defendant's attorney to bring the issues before this Court. Plaintiff would be required to address those issues through the Rule 11 motion or some other motion. Defendant's attorney's ill-advised choice of a Rule 11

motion as the vehicle to raise the issues does not amount to an unreasonable and vexatious multiplication of the proceedings.

## Conclusion

In considering all of Plaintiff's arguments and viewing the case as a whole, the Court finds that, while Defendant's attorneys were overly aggressive in asserting their positions and in communicating with Plaintiff's counsel, their actions were within the range of objectively reasonable conduct in zealously representing their client and did not unreasonably and vexatiously multiply these proceedings.

Plaintiff's Motion for Sanctions Against Defendant's Counsel Under 28 U.S.C. § 1927 [Dkt. 105] is therefore DENIED; Plaintiff's Application for Oral Argument [Dkt. 108] is DENIED.

SO ORDERED this 15th day of February, 2011.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE