# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HENRY KAUFMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 09-CV-522-GKF-FHM |
| MAURICE KANBAR, | ) ) ) |
| Defendant. | ) ) |

## **OPINION & ORDER**

Before the court are Defendant Maurice Kanbar's Objections to Plaintiff's Pretrial Disclosures [Dkt. # 225]. Plaintiff Henry Kaufman filed his response on April 15, 2011.

<u>Procedural History</u>

On January 6, 2011, this court granted partial summary judgment in Mr. Kanbar's favor on Mr. Kaufman's claims for breach of contract and unjust enrichment, as those claims were compulsory counterclaims which Kaufman had to raise in a previous federal action between the two men in the United States District Court for the Northern District of California. Mr. Kaufman's remaining claims in this action are for defamation per se, intentional infliction of emotional distress, and tortious interference with business relations.

On March 2, 2011, Mr. Kaufman filed his objections to various deposition designations, and the Court has ruled on all such objections. *See* Dkt. ## 196-200, 203-204, 206-207. Similarly, on March 9, 2011, Mr. Kanbar filed his Objections to Designated Deposition Testimony by Defendant [Dkt. # 179], and the Court has now ruled on those objections. *See* Dkt. ## 244, 246, 248, and 251.

### I. Mr. Kanbar's Objections to Trial Testimony of Nine (9) Employees and Agents

Mr. Kanbar objects to the use of trial testimony of nine designated agents and employees as to Mr. Kaufman's claim of defamation. He points to Oklahoma case authority standing for the proposition that communication inside a corporation, between its officers, employees, and agents, is never a publication for the purposes of actions for defamation. *Thornton v. Holdenville General Hospital*, 36 P.3d 456, 460 (Okla. App. 2001), citing *Magnolia Petroleum Co. v. Davidson*, 148 P.2d 468, 471 (Okla. 1944) (explaining that "the statements of [one employee] to [another] could not be considered as a matter of law a publication").

Although Mr. Kanbar is correct in his statement of Oklahoma law, his objections to the nine witnesses' testimony must be overruled without prejudice to their possible reassertion at trial. The subject raises issues with respect to each of the alleged defamatory statements which cannot be addressed in connection with a Rule 26 objection, but must be addressed at trial. Issues at trial may include whether each of the alleged communications remained inside a single corporate entity and never went outside the corporation's officers, employees, and agents. Another issue may be whether individuals to whom the alleged statements were made were indeed outside agents to whom the "intra-corporate privilege" applies.

Moreover, even if the intra-corporate privilege applies in connection with Mr. Kaufman's defamation per se claim, the testimony of some or all of the nine individuals may be admissible in connection with Mr. Kaufman's claim for intentional infliction of emotional distress.

For these reasons, Mr. Kanbar's objections to the trial testimony of nine (9) employees and agents must be overruled.

## II. Mr. Kanbar's Objections to Designated Testimony on the Claim for Intentional Infliction of Emotional Distress

Mr. Kanbar argues that none of Mr. Kaufman's designated testimony meets the "extreme and outrageous" threshold for a claim of intentional infliction of emotional distress. The argument could and should have been raised in defendant's motion for partial summary judgment, but was not. The argument is improperly framed as a Rule 26(a)(3) objection and is therefore overruled.

## III. Mr. Kanbar's Objections to "Designated Testimony Outside Of the Applicable Statute of Limitations"

On January 6, 2011, this Court granted partial summary judgment in Mr. Kanbar's favor on Mr. Kaufman's claim for defamation for alleged utterances published before May 15, 2008. Mr. Kanbar states that, despite the Court's ruling, Mr. Kaufman designates witness testimony that falls outside the statute of limitations for defamation. Mr. Kanbar generally objects to any such witness designations. The general objection must be denied as vague and insufficiently specific. Counsel for Mr. Kanbar may raise specific objections at trial to testimony as to defamatory statements published before May 15, 2008. Mr. Kanbar specifically objects to two designated witnesses, Phyllis Flood Feder and Paulette Millichap.

As to Ms. Feder, Mr. Kanbar argues that her testimony "is presumably consistent with her [Declaration dated January 10, 2008] that discussed alleged statements made by Mr. Kanbar about [Mr. Kaufman] during the California lawsuit," and that "Mr. Kanbar's statements must have taken place before that date [January 7, 2008]." Mr. Kaufman responds that Ms. Feder has not been deposed, and that she will testify about Mr. Kanbar's allegedly outrageous conduct which would be relevant to Mr. Kaufman's claim for intentional infliction of emotional distress, as to which a two-

year statute of limitations applies.  Mr. Kanbar's Rule 26(a)(3) objection to Ms. Feder's designation as a witness is overruled, without prejudice to the assertion of evidentiary objections at trial.

As to Ms. Millichap, Mr. Kanbar, citing Mr. Kaufman's deposition at 158:24 - 163:24, contends that "any conversation Mr. Kanbar had with Ms. Millichap must have taken place well before May 15, 2008." The cited deposition is not definitive and suggests otherwise. Mr. Kaufman testified that the telephone call he received from Phyllis Feder, where Ms. Feder relayed to Kaufman a call that Paulette Millichap had with Maurice Kanbar, occurred "maybe a year [before his deposition taken June 8, 2010." It appears that an issue remains for the finder of fact as to when the communication from Millichap to Feder occurred. Mr. Kanbar's Rule 26(a)(3) objection to Ms. Millichap's designation as a witness is overruled, without prejudice to the assertion of evidentiary objections at trial.

Finally, Mr. Kanbar's counsel objects to expected testimony from Mr. Kaufman to the effect that Kaufman learned of certain defamatory statements made by Mr. Kanbar from a Tulsa World article published when Mr. Kanbar filed the California lawsuit on March 16, 2007. The proper time and place for such an objection is at trial, not in a Rule 26(a)(3) objection. The objection is overruled.

### IV. Mr. Kanbar's Objections to Specific Witness Designations

Mr. Kanbar first objects to Mr. Kaufman's designations of deposition testimony taken from Mr. Victor Wandres. Mr. Kanbar previously filed objections and Supplemental Objections to Mr. Wandres' designated testimony on March 9, 2011. *See* Dkt. # 179, pp. 20-21. The Court has ruled on those previous objections. *See* Dkt. # 245. Rule 26(a)(3)(B) permits a party to serve and

promptly file a list of objections to the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii), "unless the court sets a different time." At the hearing held January 6, 2011, this court set a March 2nd deadline for filing deposition transcripts containing objections. *See* Dkt. # 159. Mr. Kanbar subsequently sought and obtained a one-week extension, until March 9, 2011, to file his objections. *See* Dkt. ## 165, 167. Insofar as the court set an earlier deadline for objections to designated deposition testimony, the objections filed April 4, 2011 are untimely under Rule 26(a)(3)(B). Mr. Kanbar's objections to the designated testimony are overruled.

For the same reasons, Mr. Kanbar's recent Rule 26(a)(3)(B) objections to the deposition designations of Joe DeGirolamo, Loretta Martin-Fatzer, Alan Shanken, Ramin Alizadeh, William Daugherty, and Stephen Carson are overruled.

### V. Mr. Kanbar's Objections to Exhibits Outside the Applicable Statutes of Limitations

Rule 26(a)(3)(B) permits a party to serve objections to the admissibility of materials identified by the opposing party under Rule 26(a)(3)(A)(iii). Mr. Kanbar identifies thirty-one (31) exhibits he contends should be stricken as outside any of the statutes of limitations applicable to Mr. Kaufman's remaining claims. The Court defers decision upon these thirty-one exhibits to the PreTrial Conference scheduled for 1:30 p.m. this afternoon, at which time the court will entertain argument as to each separate document. Counsel are directed to bring copies of the thirty-one exhibits to the PreTrial for the Court's review and possible admission into the record.

### VI. Mr. Kanbar's Objections to Exhibits Pertaining to Non-Party Financial Information

As stated in the immediately preceeding section, Rule 26(a)(3)(B) permits a party to serve objections to the admissibility of materials identified by the opposing party under Rule 26(a)(3)(A)(iii). Mr. Kanbar identifies thirty-three (33) exhibits he identifies as pertaining to non-parties' financial information, and which he contends should be stricken as irrelevant. The Court defers decision upon these thirty-three exhibits to the PreTrial Conference scheduled for 1:30 p.m. this afternoon, at which time the court will entertain argument as to each separate document. Counsel are directed to bring copies of the thirty-three exhibits to the PreTrial for the Court's review and possible admission into the record.

### VII. Mr. Kanbar's Objections to Insurance Information

Mr. Kanbar's Objection is moot, as the Court granted his Motion to Strike Plaintiff's Exhibit 97 [Dkt. # 208] at the PreTrial Conference held April 5, 2011. *See* Dkt. # 231.

### VIII. Mr. Kanbar's Objections to Mr. Kaufman's Designated Expert and the Expert Report

As previously stated, this Court ruled on January 6, 2011, that Mr. Kaufman's claims for breach of contract and unjust enrichment were compulsory counterclaims which should have been asserted in a previous federal lawsuit. On November 18, 2010, Mr. Kanbar received an expert report authored by Mr. Kaufman's designated damages expert, David Humphrey. Mr. Kanbar quotes the report as addressing the "evaluation of the benefits conferred by Henry Kaufman on Behalf of

Maurice Kanbar and his business entities." Kanbar characterizes the report as limited to Mr. Kaufman's alleged entitlement to damages based upon a "carried interest" theory of compensation.

Mr. Kanbar seeks to strike both the expert report and the expert insofar as such testimony runs afoul of the Court's ruling of January 6, 2011.

The issue pertaining to the specific expert report delivered on November 18, 2010 may now be moot, as the Court has only minutes ago received the parties' most recent proposed PreTrial Order, in which Mr. Kaufman now lists a "Replacement [expert] Report." On April 20, 2011, Mr. Kanbar filed a Motion to Strike Newly Identified Expert Report and Exhibits [Dkt. # 249]. The Court defers decision on Mr. Kanbar's objections to Mr. Humphrey and his expert reports in order to permit argument by counsel at the PreTrial Conference.

WHEREFORE, Defendant Maurice Kanbar's Objections to Plaintiff's Pretrial Disclosures [Dkt. # 225] are overruled in part, moot in part, and deferred for consideration at the Final PreTrial Conference in part.

Dated this 22nd day of April, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma